IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | : | CIVIL ACTION NO. 3:14-cv-157 |
| *Plaintiff*, | : | |
| v. | : | |
| TED BERNSTEIN, | : | |
| *Defendant*. | : | February 6, 2014 |

## PLAINTIFF'S COMPLAINT

Plaintiff PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Original Complaint against Ted Bernstein ("Bernstein") as follows:

## THE PARTIES

1. Phoenix is a life insurance company organized under the laws of, and maintains its principal place of business in, the State of Connecticut and is a citizen of the State of Connecticut.

2. On information and belief, Bernstein is a citizen of the State of Florida and may be served with process in Boca Raton, Florida.

## JURISDICTION AND VENUE

3. Bernstein is a citizen of Florida and subject to the personal jurisdiction of this Court pursuant to Conn. Gen. Stat. Ann. § 52-59b(a), which states that the Court may exercise jurisdiction over any "nonresident individual [that] . . . transacts business within the state."

4. Additionally, this Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

6. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance.

7. Pursuant to the Independent Producer Contract Bernstein executed with Phoenix (the "Contract"), Bernstein is an appointed producer of Phoenix. This lawsuit arises out of the Contract.

8. Bernstein marketed Phoenix life insurance to his clients, which resulted in the issuance of the following Phoenix life insurance policies: Policy No. 97524224 insuring the life of Estelle Reiter (the "Reiter Policy"); and Policy No. 97526988 insuring the life of Edward Sacks (the "Sacks Policy") (collectively, the "Policies"). Pursuant to the Contract, Phoenix paid Bernstein $265,447.35 in compensation, commissions, and/or expense allowance payments on the above-mentioned policies (the "Compensation"). Specifically, Phoenix paid Bernstein $117,982.48 in compensation for the Reiter Policy and $147,464.87 in compensation for the Sacks Policy.

9. After their issuance, the Policies were rescinded and Phoenix returned all premiums paid on the Policies to the Policies' respective owners.

10. Under the Bernstein Contract, whenever Phoenix, for any reason, refunds any premium on any Phoenix life insurance policy, Bernstein must repay to Phoenix, on demand, any commissions or any other compensation Phoenix paid Bernstein on such policy.

11. While some of Bernstein's debt has been offset by (1) other compensation payable to Bernstein but withheld by Phoenix pursuant to the Contract and/or

(2) other offsets to which Bernstein is entitled, Bernstein remains liable to Phoenix for $116,680.74. Phoenix has demanded repayment of the Compensation, but Bernstein has refused to remit any payment to Phoenix.

## CAUSES OF ACTION

## BREACH OF CONTRACT

12. Phoenix incorporates paragraphs 1 through 11 as if fully set forth herein.

13. The Contract is a valid and enforceable written contract between Phoenix and Bernstein. Phoenix has fully performed its obligations under the Contract. All conditions precedent to Phoenix's recovery against Bernstein under the terms of the Contract have been performed or have occurred. Bernstein's failure and/or refusal, as described above, to honor his obligations under the Contract constitutes a breach of the Contract.

14. As a result of Bernstein's breach, Phoenix has incurred significant damages. More specifically, Bernstein's breach of the Contract has caused Phoenix injury in an amount of at least $116,680.74.

## PRAYER

For the foregoing reasons, Phoenix respectfully requests that the Court:

(a) enter judgment against Ted Bernstein, entitling Phoenix to recover its actual damages, less any recoupments and/or offsets, and pre-judgment and post-judgment interest; and

(b) award such other and further relief, at law or in equity, to which Phoenix may be entitled.

        Respectfully submitted,

        PLAINTIFF,
        PHL VARIABLE INSURANCE COMPANY


        By:    /s/ Eric L. Sussman
             Eric L. Sussman (ct19723)
             DAY PITNEY LLP
             242 Trumbull Street
             Hartford, Connecticut 06103-121
             Telephone:  (860) 275-0100
             Facsimile:  (860) 275-0343
             elsussman@daypitney.com
             Its Attorneys


OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
Jessica L. Wilson*
Texas Bar No. 24028230
Andrew R. Kasner*
Texas Bar No. 24078770
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Telecopy:  (713) 337-8850
*Pro hac vice applications to be submitted